## Vernon vs. Henson.

The 5th section of the act approved 31st May, 1864, providing that certain classes of persons therein described, shall be barred from the collection of their debts in this state, is in violation of that clause of the constitution of the United States which declares that no state shall pass any law impairing the obligation of contracts.

*Appeal from Washington Circuit Court.*

Hon. E. Harrell, Circuit Judge.

J. D. Walker, for the appellant, referred to *sec.* 10, *Art.* 2, *Cons. U. S.; Art.* 2, *sec.* 18, *Cons. Ark.; Blair vs. Williams,* 4 *Litt.,* 35; *Lapsley vs. Brashears, ib.,* 47.

Gregg, for appellee.

Mr. Justice Compton delivered the opinion of the court.

This was an action of debt by Vernon vs. Henson, in the Washington circuit court, on a promissory note. Henson pleaded to the action, and in his second and third pleas alleged facts that brought Vernon within the provisions of the act of assembly, approved 31st May, 1864. To these pleas Vernon interposed a demurrer, which was overruled; and resting on his demurrer, final

judgment was rendered for Henson, to reverse which this appeal is prosecuted.

The act of assembly provides as follows:

"SEC. 5. *Be it further enacted,* That any person hereafter aiding or abetting the rebellion, or that has, or shall hereafter violate his oath of allegiance, and all persons who are now in arms, and all rebels in prison by the federal authorities, and all persons who have abandoned their homes and have fled, and taken protection under the so-called confederacy, shall be forever barred from the collection of their debts in this state, of every description whatsoever, and all courts having jurisdiction in this state are hereby required to dismiss said suits whenever such proof is made, at the plaintiff's costs."

The question presented is whether the section of the act above quoted, violates that clause of the constitution of the United States which declares that no state shall pass any law impairing the obligation of contracts; and we are clearly of opinion that it does. There has been some discussion in the cases as to the extent to which the legislative action of the state may alter the remedy without impairing the obligation of a contract; but it certainly never has been contended, anywhere, that a state has the power to entirely take away the remedy, as was done by the enactment in question. The rule is, that whatever belongs merely to the remedy may be altered according to the will of the state, provided the alteration does not impair the obligation of the contract. But if that effect is produced, it is immaterial whether it is done by acting on the remedy, or on the contract; in either case it is prohibited by the constitution. (*Smith's Com. on Const. and Stat. Construction,* 388.) In *Brown vs. Kenzie,* 1 *How. U. S. Sup. Ct. Rep.,* 317, Mr. Chief Justice TANEY, alluding to this rule says: "It is difficult perhaps to draw a line that would be applicable in all cases between legitimate alterations of the remedy and provisions which, in the form of remedy, impair the right. But it is manifest that the obligation of the contract, and the rights of a party under it, may, in effect be destroyed by

denying a remedy altogether; or may be seriously impaired by burdening the proceedings with new conditions and restrictions, so as to make the remedy hardly worth pursuing. And no one, we presume, would say that there is any substantial difference between a retrospective law declaring a particular contract or class of contracts to be abrogated and void, and one which took away all remedy to enforce them, or encumbered it with conditions that rendered it useless or impracticable to pursue it." See also *McCracken vs. Hayman*, 2 *How.*, 311; *Blair vs. Williams*, 4 *Littell*, 35; *Lapsley vs. Brashears, et al. ib.*, 47; *Berry & Johnson vs. Randall*, 4 *Metcalfe (Ky.) Rep.*, 292.

It follows that the court erred in overruling the demurrer, and for this error the judgment must be reversed and the cause remanded for further proceedings.

Mr. Chief Justice WALKER did not sit in this case.